**Trygve B. BAUGE, Petitioner,**

v.

**IMMIGRATION & NATURALIZATION SERVICE, Respondent.**

No. 92–9571.

United States Court of Appeals, Tenth Circuit.

Nov. 2, 1993.

Before SEYMOUR and EBEL, Circuit Judges, and THOMPSON,* District Judge.

SEYMOUR, Circuit Judge.

Trygve B. Bauge filed this petition for review following a determination by the Board of Immigration Appeals (BIA) that he was deportable to Norway. The BIA affirmed the finding by the immigration judge (IJ) that Bauge was deportable because he was a nonimmigrant visitor who stayed in the United States longer than his visa allowed. Bauge argues that the decision relied on inadmissable evidence. He also charges that the IJ failed to consider certain arguments he raised and failed to explain adequately the right of voluntary departure. Finally, he maintains the IJ erred in failing to grant him a continuance.[1] We affirm the decision of the BIA.

I.

■ As a threshold matter, we must consider whether we have jurisdiction to consider this petition. The BIA entered its final order of deportation in this case on August 18, 1992. On August 25, 1992, Mr. Bauge filed a motion for reconsideration of that order pursuant to 8 C.F.R. § 3.2. He filed his petition for review in this court on November 16, 1992, at which time the BIA had not yet issued an order on the motion for reconsideration. It did not do so until April 30, 1993.

The BIA's decision to deny the motion for reconsideration is not before this court because no new petition for review was filed. We must consider, however, what effect if any the motion for reconsideration has on the finality of the deportation order. The circuits are split on whether a motion to reopen or reconsider renders the BIA's deportation order nonfinal for purposes of evaluating appellate jurisdiction. *Compare Fleary v. INS*, 950 F.2d 711, 713 (11th Cir.1992) *with Rhoa–Zamora v. INS*, 971 F.2d 26, 33 (7th Cir. 1992), *cert. denied*, —— U.S. ——, 113 S.Ct.

Trygve B. Bauge, pro se.

Stuart E. Schiffer, Acting Asst. Atty. Gen., Civ. Div., Mark C. Walters, Asst. Director, Office of Immigration Litigation, Stewart Deutsch, Office of Immigration Litigation, Civ. Div., U.S. Dept. of Justice, Washington, DC, for respondent.

* Honorable Ralph G. Thompson, District Judge, United States District Court for the Western District of Oklahoma, sitting by designation.

1. After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this petition for review. *See* Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The case is therefore ordered submitted without oral argument.

2331, 124 L.Ed.2d 243 (1993). The issue is a novel one in this circuit.

The Ninth and Eleventh Circuits take the position that there is no final appealable order of deportation once a motion for reconsideration is filed. *Ogio v. INS,* 2 F.3d 959 (9th Cir.1993) (per curiam); *Fleary,* 950 F.2d at 713. This view comports with the usual rule in agency proceedings, which holds that orders under reconsideration are not final. *See ICC v. Brotherhood of Locomotive Eng'rs,* 482 U.S. 270, 284–85, 107 S.Ct. 2360, 2368–69, 96 L.Ed.2d 222 (1987); *see also Hansen v. Director, OWCP,* 984 F.2d 364, 367 (10th Cir.1993) (stating rule in black lung proceeding). This position is also consistent with .Fed.R.App. 4(a)(4) of the federal rules of appellate procedure, which provides that a new notice of appeal must be filed after disposition of a motion to alter or amend a judgment. *See Hinton v. City of Elwood,* 997 F.2d 774, 778 (10th Cir.1993).

The Third and Seventh Circuits take the opposite view. *See Rhoa–Zamora,* 971 F.2d at 32–33; *Alleyne v. INS,* 879 F.2d 1177, 1181 (3d Cir.1989). These circuits have held that immigration proceedings, with their unique goals and concerns, require different finality rules. *See Rhoa–Zamora,* 971 F.2d at 33; *Alleyne,* 879 F.2d at 1180–81. Whereas judicial efficiency is the primary objective in most proceedings, immigration cases trigger a different significant goal. In enacting the immigration statutes, Congress sought to curb "the growing frequency of judicial actions being instituted by undesirable aliens whose cases ... are brought solely for the purpose of preventing or delaying indefinitely their deportation from this country." H.R.Rep. No. 1086, 87th Cong., 1st Sess., *reprinted in* 1961 U.S.C.C.A.N. 2950, 2967.

We find the rationale adopted by the Third and Seventh Circuits persuasive. If a motion for reconsideration were to render an order nonfinal, petitioners would be in a position to delay deportation for a significant period of time. For example, we have noted that Mr. Bauge's motion for reconsideration was ultimately denied on April 30, 1993. The BIA's order of deportation was issued in August of 1992. A delay in our review until disposition of the motion for reconsideration would effectively stay the deportation order for an additional nine months. Significant delay under such a rule is simply unavoidable. Petitioners could therefore file a motion to reopen or for reconsideration, regardless of merit, solely to gain a year or more of additional time prior to deportation.

The position we adopt here also appears more consistent with the applicable immigration statutes. In 1990, Congress amended 8 U.S.C. § 1105a(a), to provide a procedure for consolidating judicial review of deportation orders and decisions on reconsideration. Section 1105a(a) states:

> The procedure prescribed by, and all the provisions of chapter 158 of Title 28 shall apply to, and shall be the sole and exclusive procedure for, the judicial review of all final orders of deportation heretofore or hereafter made against aliens within the United States pursuant to administrative proceedings under section 1252(b) of this title or comparable provisions of any prior Act, except that—
>
> . . . .
>
> (6) Consolidation
>
> Whenever a petitioner seeks review of an order under this section, any review sought with respect to a motion to reopen or reconsider such an order shall be consolidated with the review of the order . . . .

This language provides for consolidation of *reviews,* apparently recognizing the possibility that two different orders could be under consideration: If a deportation order were automatically rendered nonfinal by virtue of the filing of a motion to reconsider, multiple reviewable orders would not exist to consolidate. *See Akrap v. INS,* 966 F.2d 267, 271 (7th Cir.1992); *but see Ogio,* 2 F.3d at 960–61 (holding that motion for reconsideration renders deportation order nonfinal despite language of the 1990 amendments).

Accordingly, we join those circuits which have concluded that a deportation order is not rendered nonfinal merely because a motion for reconsideration has been filed. The August 1992 order is thus final for purposes of establishing appellate jurisdiction. As a consequence, we have jurisdiction to consider this petition for review.

## II.

■ We now turn to the merits. Mr. Bauge's first argument is based on the IJ's

decision to allow the introduction of three pieces of documentary evidence. The IJ accepted as evidence an INS Form I–213, an international driving permit, and a copy of Mr. Bauge's passport. Before the BIA, Mr. Bauge contended that these documents were not properly admissible as evidence establishing deportability. He also argued they were not authenticated properly.

The Form I–213[2] was dated in May of 1986. It was prepared after Mr. Bauge was turned over to the INS following his arrest at Stapleton International Airport in Denver for making a comment about hijacking a plane. Although Mr. Bauge refused to give the INS agents any biographical information, he apparently did say he came to the United States on a "B–something" visa. The Form I–213 contains information obtained from an international driving permit issued to Mr. Bauge and a photocopy of his international passport. Mr. Bauge asserts that none of this information was admissable because it was obtained through the arrest, which he maintains was illegal.

 Mr. Bauge has a right to a full and fair deportation hearing that comports with due process. *Kapcia v. INS*, 944 F.2d 702, 705 (10th Cir.1991). As the BIA noted, however, evidentiary rules are not strictly applied at immigration hearings. *Bustos–Torres v. INS*, 898 F.2d 1053, 1055 (5th Cir.1990). "The test for admissibility of evidence in a deportation hearing is whether the evidence is probative and whether its use is fundamentally fair so as not to deprive the alien of due process of law." *Id.* Moreover, the exclusionary rule, on which Mr. Bauge bases his argument, does not ordinarily apply in civil deportation proceedings held by the INS. *INS v. Lopez–Mendoza*, 468 U.S. 1032, 1050–51, 104 S.Ct. 3479, 3489–90, 82 L.Ed.2d 778 (1984). In any event, Mr. Bauge failed to present any evidence in support of his assertion that he was illegally arrested. We

conclude the evidence in question was probative and its introduction was not fundamentally unfair. Therefore, the IJ did not err in relying on it.

Mr. Bauge also claims the IJ did not advise him adequately of his right of voluntary departure. The record reveals the IJ explained the right of voluntary departure to Mr. Bauge on three different occasions and that Mr. Bauge was adamant in his refusal to exercise that option. Consequently, we reject this challenge as well.

 Finally, we turn to Mr. Bauge's argument that the IJ erred in failing to grant him a continuance. The decision whether to grant a continuance is a matter committed to the IJ's discretion. *Baires v. INS*, 856 F.2d 89, 91 (9th Cir.1988). Mr. Bauge was granted one continuance of nine weeks to find counsel. He has not shown the IJ abused his discretion in failing to grant another continuance. *See id.* at 91 n. 4.

The decision of the Board is AFFIRMED.

---

**2.** A Form I–213 is an official record routinely prepared by an INS agent

as a summary of information obtained at the time of the initial processing of an individual suspected of being an alien unlawfully present in the United States. The record includes biographical and descriptive information about

the subject, information concerning his last entry into the country and current immigration status, and information regarding the circumstances of the subject's arrest and the substance of any statements he may have made. Rec., vol. I, at 1154 (BIA decision and order).