21 F.3d 1121
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Norbett Helmut HUTZLER, Petitioner,
v.
IMMIGRATION & NATURALIZATION SERVICE, Respondent.
 No. 93-9546.
 United States Court of Appeals, Tenth Circuit.
 April 8, 1994.
 
 Before LOGAN, SETH and BARRETT, Circuit Judges.
 
 ORDER AND JUDGMENT[1]
 LOGAN
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously to honor the parties' request for a decision on the briefs without oral argument. See Fed. R.App. P. 34(f); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 2
 Norbert Helmut Hutzler filed this petition for review following a decision by the Board of Immigration Appeals (BIA) that he was deportable. The BIA affirmed the decision of the immigration judge (IJ) denying petitioner a continuance of his deportation proceedings. The only issue on appeal is whether the denial of the continuance was an abuse of discretion.[2] We review denial of a motion to grant a continuance for abuse of discretion. Bauge v. INS, 7 F.3d 1540, 1543 (10th Cir.1993).
 
 
 3
 Petitioner is a native and citizen of Germany who came to the United States as a visitor for pleasure for one year in 1983. He remained and worked illegally in the United States as a handyman. On December 15, 1987, an order to show cause was issued against petitioner, charging him with deportability for having overstayed his visa under 241(a) of the INA, 8 U.S.C. 1251(a). Petitioner appeared with counsel for a deportation hearing, which was continued to March 28, 1988, when petitioner conceded deportability. His counsel requested that the proceedings be suspended either for one year or indefinitely to allow petitioner's wife to acquire U.S. citizenship, thereby removing impediments to his adjusting his status. The IJ noted that petitioner had worked illegally and therefore he would have difficulty adjusting his status.
 
 
 4
 The IJ denied the motion for continuance because the grounds for relief were prospective in nature. That denial pointed out that petitioner could move to reopen the proceedings once his wife became a United States citizen. The IJ granted voluntary departure and ordered deportation to Germany if England refused to accept petitioner within three months. Petitioner appealed to the BIA, which affirmed the IJ's decision. The BIA found that there was no good cause shown to continue petitioner's hearing indefinitely, and noted that petitioner was unable to cite any authority compelling an IJ to grant an indefinite continuance.
 
 
 5
 Petitioner essentially argues that he should have been allowed a continuance based on his possible future eligibility to remain in the United States. "The purpose of an appeal is to correct legal errors which occurred at the initial determination of deportability; it is not to permit an indefinite stalling of physical departure in the hope of eventually satisfying legal prerequisites." INS v. Rios-Pineda, 471 U.S. 444, 450 (1985). Petitioner here sought adjustment of his status to lawful permanent resident under 245(a) of the INA, 8 U.S.C. 1255(a), but such relief was not available to him because he had been illegally employed. The fact that his wife might have become a United States citizen within a year or two did not provide him a means of adjusting his status at that time. He has not shown that the IJ abused his discretion in failing to grant the continuance.
 
 
 6
 Petitioner states in his brief that he has divorced his first wife and is now married to a United States citizen. He therefore asserts that he will be able to adjust his status on the basis of his new wife's citizenship. Although we appreciate petitioner's concern about leaving his wife and children, we have jurisdiction only to review the denial of his motion for continuance before the IJ and the BIA. We cannot consider facts not on the record below.
 
 
 7
 The decision of the Board of Immigration Appeals is AFFIRMED. The motion to strike the petitioner's reply brief is denied.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470
 
 
 [2]
 One week after he filed his petition for review in this court, petitioner filed a motion for the BIA to reopen his case. We recently held that a motion to reopen or reconsider does not render a deportation order nonfinal. Bauge v. INS, 7 F.3d 1540, 1542 (10th Cir.1993). The June 1993 order therefore is final for purposes of appellate jurisdiction