**F I L E D**

**UNITED STATES COURT OF APPEALS**

**MAY 7 1999**

**TENTH CIRCUIT**

_____

| | |
|---|---|
| MASIH YUNUS; RAHKIL YUNUS; HINA YUNUS; SANA YUNUS; ZARA YUNUS, | |
| Petitioners, | No. 98-9535 |
| v. | (Immigration & Naturalization Service) (INS Nos. A71 034 046 |
| IMMIGRATION & NATURALIZATION SERVICE, | A71 034 050 A71 034 081 A71 034 082 |
| Respondent. | A71 034 083) |

_____

**ORDER AND JUDGMENT**[*]

_____

Before **BRORBY**, **EBEL**, and **LUCERO**, Circuit Judges.

_____

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

_____

[*] This order and judgment is not binding precedent except under the doctrines of law of the case, *res judicata* and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Petitioners Mr. Masih Yunus, Mrs. Rahkil Yunus, and their daughters, Hina, Sana, and Zara Yunus, are citizens of Pakistan seeking review of a final order by the Board of Immigration Appeals. We exercise jurisdiction pursuant to 8 U.S.C. § 1105a(a)[1] and affirm.

## A. Background

On June 20, 1991, Mr. Yunus and his family entered the United States on six-month, non-immigrant visitors' visas. After the visas expired, Mr. Yunus applied for asylum and withholding deportation under 8 U.S.C. § 1158, based on alleged past and future religious persecution. The rest of the Yunus family sought derivative status. After the government denied the application, Mr. Yunus and his family sought administrative review before a United States Department of Justice immigration judge. During the subsequent deportation hearings, Mr. Yunus testified that while living in Pakistan, he successfully obtained an education and employment as a pharmacist and his wife obtained employment as an assistant

---

[1] Congress repealed 8 U.S.C. § 1105a by passing the Illegal Immigration Reform and Immigrant Responsibility Act of 1996 ("Act"), 8 U.S.C. § 1252, *et seq. See* Pub. L. 104-208, Div. C., Title III § 306(b), Sept. 30, 1996, 110 Stat. 3009-12, § 242(b). However, for purposes of certain cases, jurisdiction under § 1105a still applies. Specifically, it applies in cases where, like here, the alien's administrative proceeding commenced before April 1, 1997. *Id.* at § 306(c)(1). Because the final deportation order was issued after October 31, 1996, our jurisdiction under 8 U.S.C. § 1105a(a) is subject to the Act's "transitional rules" for judicial review. *See id.* at § 309(c)(4).

nurse. However, Mr. Yunus testified he and his family were forced to flee Pakistan for life and liberty because of the discrimination they suffered as Presbyterian Christians in a predominantly Muslim nation. The alleged discrimination included threats of violence from Muslims who on one occasion entered their home and threatened them, and on another occasion, broke Mr. Yunus' car windshield before he managed to flee. In addition, Mr. Yunus anticipates his family will be "more intensely persecuted" if they return to Pakistan because after coming to the United States his family became Mormon, a group Muslims persecute in the same way they persecute Jews.

In support of his fear of future persecution, Mr. Yunus provided alleged copies of Pakistan government documents, including a warrant for his arrest dated February 2, 1995, and a detention order sentencing him to three years detention on his arrest. Based on these documents, Mr. Yunus testified he believes authorities or radical Muslims will kill him if he returns to Pakistan.

Prior to rendering a decision, the immigration judge ordered a forensics report and an opinion from the United States State Department on the authenticity of the arrest warrant and detention order. Subsequently, the government submitted an "e-mail" from the State Department's liaison officer with the

Immigration and Naturalization Service's forensics document laboratory, stating a report had been prepared that concluded the two documents were fraudulent. The liaison officer noted that in Pakistan, a district magistrate cannot detain anyone for longer than three months, making the authenticity of the three-year detention order extremely suspect. With respect to the arrest warrant, he noted the signature on the warrant was attributed to a magistrate judge who did not exist. Finally, he stated the seals and signatures on both documents were fraudulent and concluded that no exemplars were available for further verification purposes because the format of these documents varied with the issuing office.

The immigration judge issued a decision finding Mr. and Mrs. Yunus' testimony credible, and accepting their conversion to the Mormon faith as sincere. Nevertheless, he determined the problems the Yunus family previously faced in Pakistan did not constitute persecution. As for future persecution, he found both the arrest warrant and detention order fraudulent, and therefore determined Mr. Yunus and his family did not have a reasonable fear of future persecution. For these reasons, the immigration judge denied the application for asylum and withholding of deportation.

Mr. Yunus and his family appealed the denial of their application to the

Board of Immigration Appeals, for the United States Department of Justice, which affirmed the of the immigration judge's decision. On *de novo* review, it determined the prior acts of discrimination and harassment experienced by the Yunus family in Pakistan did not rise to the level required to show "past persecution." After finding the arrest warrant and detention order were fraudulent, the Board determined Mr. Yunus failed to provide relevant evidence of future persecution or otherwise show a reasonable fear of future persecution.[2]

On appeal, Mr. Yunus and his family contend the Board erred in finding Mr. Yunus is not a "refugee" for the purposes of 8 U.S.C. § 1101(a)(42).[3] Specifically, they claim the Board erred in: (1) finding the past treatment of Mr. Yunus did not rise to the level of persecution; (2) finding Mr. Yunus "does not have a reasonable fear of future persecution;" and (3) "relying on a mere summary of an official report," which they claim constitutes hearsay and is the product of a flawed and inadequate investigation.

---

[2] Mr. Yunus submitted a letter from his attorney in Pakistan verifying the charges against him. The Board found this document had little probative value.

[3] By finding Mr. Yunus did not suffer past discrimination and did not have a reasonable fear of future persecution, the Board implicitly found that Mr. Yunus did not qualify for "refugee" status.

We review questions of law determined by the Board of Immigration Appeals *de novo*, and its factual findings regarding Mr. Yunus' status as a "refugee" under the substantial evidence rule. *Refahiyat v. Immigration & Naturalization Serv.*, 29 F.3d 553, 556 (10th Cir. 1994). To establish refugee status, Mr. Yunus must prove either past "persecution or a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion." 8 U.S.C. § 1101(a)(42); *Hadjimehdigholi v. Immigration & Naturalization Serv.*, 49 F.3d 642, 646 (10th Cir. 1995).

Based on a review of the record and the arguments on appeal, we determine Mr. Yunus has not shown that either he or his family experienced past persecution or have a well-founded fear of future persecution on account of their religion. Mr. Yunus' assertion of his family's minority religious status, and the past discrimination he and his family experienced, are insufficient to constitute persecution. *See, e.g., Refahiyat*, 29 F.3d at 557 (holding Christian status insufficient to withhold deportation to Iraq); *Bucur v. Immigration & Naturalization Serv.*, 109 F.3d 399, 402 (7th Cir. 1997) (holding Eastern Orthodox religion inadequate to withhold deportation to Romania). The threats made against Mr. Yunus and his family do not establish past persecution; persecution encompasses more than threats to life and liberty. *See*

*Hadjimehdigholi,* 49 F.3d at 646.

As for the Board's reliance on the liaison officer's "e-mail" in finding the arrest warrant and detention order fraudulent, we note that evidentiary rules are not strictly applied in immigration hearings. *See Bauge v. Immigration & Naturalization Serv.*, 7 F.3d 1540, 1543 (10th Cir. 1993). The test for admissibility of evidence in a deportation hearing is whether the evidence is probative and its use is fundamentally fair. *Id.* In this case, we conclude the e-mail constituted fundamentally fair and probative evidence which Mr. Yunus did not sufficiently rebut.

For these reasons, and substantially the same reasons set forth in the Board's Order dated August 21, 1998, attached hereto, we determine Mr. Yunus is not a "refugee" for the purposes of 8 U.S.C. § 1158(a).

The decision of the Board is **AFFIRMED**.

**Entered by the Court:**

**WADE BRORBY**
United States Circuit Judge

-7-

Attachment not available electronically.