**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**January 29, 2020**

**Christopher M. Wolpert**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

IGNACIO RAMIREZ-VEGA,

     Petitioner,

v.

WILLIAM P. BARR, United States
Attorney General,

     Respondent.

No. 18-9536
(Petition for Review)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **MATHESON**, **KELLY**, and **PHILLIPS**, Circuit Judges.
_____

Ignacio Ramirez-Vega, a native and citizen of Mexico, seeks review of a Board of

Immigration Appeals' (BIA's) decision that dismissed his appeal from an Immigration

Judge's (IJ's) order denying his application for cancellation of removal. Exercising

jurisdiction under 8 U.S.C. § 1252, we deny Ramirez-Vega's petition in part and dismiss

the remainder.

---

[*] After examining the briefs and appellate record, this panel has determined
unanimously to honor the parties' request for a decision on the briefs without oral
argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore
submitted without oral argument. This order and judgment is not binding precedent,
except under the doctrines of law of the case, res judicata, and collateral estoppel. It
may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1
and 10th Cir. R. 32.1.

BACKGROUND

Ramirez-Vega unlawfully entered the United States in 2002. In July 2008, the Department of Homeland Security (DHS) personally served him with a notice to appear before an IJ for a removal hearing. The notice charged him with being removable as (1) an alien present in the country without admission or parole, and (2) an alien convicted of a crime involving moral turpitude (CIMT). The notice listed three Colorado convictions, only one of which is relevant to this case—a 2001 conviction for criminal impersonation, *see* Colo. Rev. Stat. § 18-5-113(1)(d). Finally, although the notice provided that the removal hearing would occur at a date and time "to be set," R. at 928, Ramirez-Vega was soon served with a notice of hearing designating the precise date and time, *id.* at 927.

In November 2008, Ramirez-Vega appeared before an IJ, conceded removability on the illegal-entry charge, but denied removability on the CIMT charge. The IJ scheduled a follow-up hearing to allow Ramirez-Vega to apply for cancellation of removal.

Several years later, Ramirez-Vega filed his cancellation application. An IJ determined that Ramirez-Vega's criminal-impersonation conviction was a CIMT, which rendered him ineligible for cancellation.

In May 2018, the BIA agreed with the IJ and dismissed Ramirez-Vega's appeal. Specifically, the BIA noted that in *Veloz-Luvevano v. Lynch*, 799 F.3d 1308, 1315 (10th Cir. 2015), this court held that a violation of Colorado's criminal-impersonation statute is categorically a CIMT. Ramirez-Vega petitioned this court for review.

In August 2018, while his petition for review was pending, Ramirez-Vega filed a motion with the BIA to reopen his case based on *Pereira v. Sessions*, 138 S. Ct. 2105, 2109-10 (2018) (holding that a notice to appear that lacks the removal hearing's time or place does not stop the alien's accrual of continuous presence in the United States for purposes of cancellation of removal). This court abated the proceedings pending action by the BIA.

In December 2018, the BIA denied Ramirez-Vega's motion and this court lifted the abatement. Briefing then proceeded on the original petition for review, as Ramirez-Vega filed no new petition.

## DISCUSSION

We review de novo the BIA's legal determination that Ramirez-Vega's criminal-impersonation conviction makes him statutorily ineligible for cancellation of removal. *See Lucio-Rayos v. Sessions*, 875 F.3d 573, 576 (10th Cir. 2017), *cert. denied*, 139 S. Ct. 865 (2019). If that crime qualifies as a CIMT, cancellation of removal is not available. *See* 8 U.S.C. §§ 1229b(b)(1)(C), 1182(a)(2)(A)(i)(I).

A prior conviction qualifies as a CIMT if it involves "conduct which is inherently base, vile, or depraved, contrary to the accepted rules of morality and the duties owed between man and man, either one's fellow man or society in general." *Veloz-Luvevano*, 799 F.3d at 1312-13 (internal quotation marks omitted). To make the CIMT determination, we apply the categorical approach, "compar[ing] the statutory definition of th[e] offense with the generic definition of CIMT[,] and consider[ing] whether the minimum conduct that would satisfy the former would necessarily also satisfy the latter.

3

*Flores-Molina v. Sessions*, 850 F.3d 1150, 1158 (10th Cir. 2017). "If every conviction under a given state statute or city ordinance involves moral turpitude, then the conviction is categorically a CIMT." *Id.* (alterations and internal quotation marks omitted).

In *Veloz-Luvevano*, we applied the categorical approach and determined that "criminal impersonation under Colo. Rev. Stat. Ann. § 18-5-113(1)(d) is categorically a CIMT." 799 F.3d at 1315. We are bound to follow this precedent. *See Barnes v. United States*, 776 F.3d 1134, 1147 (10th Cir. 2015) (observing that "absent an intervening Supreme Court or en banc decision justifying such action, we lack the power to overrule prior Tenth Circuit precedent" (alterations and internal quotation marks omitted)).

To the extent Ramirez-Vega argues that *Veloz-Luvevano* has been overruled or called into question by *Flores-Molina*, he is mistaken. *Flores-Molina* is a panel decision that involved a Denver Municipal Code conviction for "giving false information to a city official during an investigation." 850 F.3d at 1155. In determining that a false-information offense is not a CIMT, this court distinguished the criminal-impersonation offense in *Veloz-Luvevano* on the basis that impersonation has a fraud component, either because it "necessarily involves deception and necessarily causes harm" or "involve[s] deception and a specific intent to harm or obtain a benefit at" someone's expense. *Id.* at 1163, 1164. A false-information offense, on the other hand, has neither an explicit nor implicit element of fraud. *Id.* at 1164.

In short, Ramirez-Vega is not eligible for cancellation of removal because he has a prior CIMT conviction.

Ramirez-Vega next argues that in light of *Pereira*, "the immigration court had no jurisdiction to issue an order of removal" because his notice to appear omitted the scheduling details of the removal hearing. Pet'r's Opening Br. at 42. Although Ramirez-Vega raised this argument in his motion to reopen, he did not file a petition for review designating the BIA's order denying reopening. Thus, even though this court has recently clarified that "the requirements relating to notices to appear are non-jurisdictional," *Martinez-Perez v. Barr*, No. 18-9573, 2020 WL 253553, at *3 (10th Cir. Jan. 17, 2020), Ramirez-Vega's argument is not before us. *See Youkhana v. Gonzales*, 460 F.3d 927, 933-34 (7th Cir. 2006) ("We cannot reach the substance of [petitioner's] argument because he never filed a separate petition for review of the BIA's denial of his motion to reopen."); *see also Bauge v. INS*, 7 F.3d 1540, 1541 (10th Cir. 1993) (holding that BIA's denial of motion for reconsideration "is not before this court because no new petition for review was filed").

## CONCLUSION

We deny Ramirez-Vega's petition for review to the extent it challenges the classification of his criminal-impersonation conviction as a CIMT. We dismiss the petition to the extent it advances a *Pereira* claim.

Entered for the Court

Paul J. Kelly, Jr.
Circuit Judge