17-2530
Findley v. Barr

BIA
A206 223 376

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

### SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 14th day of October, two thousand twenty.

PRESENT:
GUIDO CALABRESI,
ROBERT A. KATZMANN,
SUSAN L. CARNEY,
*Circuit Judges.*

———————————————————————

ANDREW KEITH FINDLEY, AKA GILLY FINDLEY, AKA ROUNDHEAD FINDLEY

*Petitioner*,

v.                                                                          17-2530

WILLIAM P. BARR, UNITED STATES ATTORNEY GENERAL,

*Respondent*.

———————————————————————

| | |
|---|---|
| For Petitioner: | RAJEEV MUTTREJA (Conor Reardon, *on the brief*) Jones Day, New York, NY. |
| For Respondent: | YANAL H. YOUSEF Office of Immigration Litigation, United States Department of Justice, Washington, DC. |

**UPON DUE CONSIDERATION** of this petition for review of a Board of Immigration

Appeals ("BIA") decision, it is hereby **ORDERED, ADJUDGED, AND DECREED** that the

petition for review is **GRANTED** and the petition is **TRANSFERRED** to the district court for further factfinding.

Petitioner Andrew Keith Findley, an alleged native and citizen of Jamaica, petitions for review of a July 21, 2017 decision of the BIA denying his motion to reopen his removal proceeding. *In re Andrew Keith Findley,* No. A 206 223 376 (B.I.A. Jul. 21, 2017). We assume the parties' familiarity with the underlying facts and procedural history in this case.

We ordinarily review the BIA's denial of a motion to reopen for abuse of discretion, *Ali v. Gonzales*, 448 F.3d 515, 517 (2d Cir. 2006), but when there is an issue of nationality, we review the claim *de novo*,[1] *see Jaen v. Sessions*, 899 F.3d 182, 185-86 (2d Cir. 2018); *Gil v. Sessions*, 851 F.3d 184, 186 (2d Cir. 2017). The Immigration and Nationality Act ("INA") addresses judicial review of nationality claims. "If the petitioner claims to be a national of the United States and the court of appeals finds from the pleadings and affidavits that no genuine issue of material fact about the petitioner's nationality is presented, the court shall decide the nationality claim." 8 U.S.C. § 1252(b)(5)(A). If, however, there is a "genuine issue of material fact" about the petitioner's nationality, "the court shall transfer the proceeding to the district court . . . for a new hearing on the nationality claim and a decision on that claim." *Id*. § 1252(b)(5)(B). In determining whether a petitioner has raised a material factual dispute, we apply "the same principles employed on a [Federal Rule of Civil Procedure] 56 motion for summary judgment." *Duarte-Ceri*, 630 F.3d at

---

[1] Generally, where, as here, an alien has been ordered removed for a controlled substance offense, a jurisdictional bar precludes our review of any final order of removal. 8 U.S.C. § 1252(a)(2)(C). However, we always retain jurisdiction to review constitutional claims and questions of law, including issues surrounding nationality and citizenship. *See Duarte-Ceri v. Holder*, 630 F.3d 83, 87 (2d Cir. 2010) ("An assertion of U.S. citizenship is [] a denial of an essential jurisdictional fact in a deportation proceeding.") (internal quotation marks omitted); *Ashton v. Gonzales*, 431 F.3d 95, 97 (2d Cir. 2005) ("If [petitioner] is a United States citizen, then § 1252(a)(2)(C) cannot bar his petition.").

2

91; *see also Agosto v. INS*, 436 U.S. 748, 754 (1978) ("We may reasonably assume that, in using the language from Rule 56 as the standard for granting *de novo* district court hearings on citizenship claims, Congress intended the language to be interpreted similarly to that in Rule 56.").

We easily conclude that Findley has raised a genuine issue of material fact concerning his nationality. The agency's determination of alienage was based in substantial part on evidence contained in a Form I-213. A Form I-213 is an official record that an immigration officer prepares when processing an individual suspected of being an alien unlawfully present in the United States. *See, e.g., Bauge v. INS*, 7 F.3d 1540, 1543 n.2 (10th Cir. 1993). We have held that an I-213 is "presumptively reliable," because it "contain[s] guarantees of reliability and trustworthiness that are substantially equivalent" to those required of business records admissible under the Federal Rules of Evidence. *Felzcerek v. INS*, 75 F.3d 112, 116–17 (2d Cir. 1996). Here, the Form I-213 contains information from interviews with three of Findley's family members (two half-brothers and a sister-in-law), who stated that Findley was born in Jamaica.[2]

We, however, agree with Findley that a March 21, 2017 email from the Jamaican embassy to his counsel raises a genuine issue of material fact concerning Findley's nationality. The email indicates that Findley "was not identified as a national of Jamaica, during [a] verification interview conducted by [the] embassy of Jamaica" and that the embassy would not be issuing Findley travel documents "at [that] time." Cert. Admin. R. 48. Even if the email does not represent a conclusive determination as to Findley's nationality, it at a minimum demonstrates that the Jamaican embassy could not confirm Findley's nationality and raises questions about the respondent's determination

---

[2] The three relatives whose statements appeared in the Form I-213 are related to Findley through his father, and their statements do not indicate *how* they knew where Findley was born. Two of the three relatives interviewed did not know the identity of Findley's mother.

3

that Findley is a Jamaican national. *See Felzcerek*, 75 F.3d at 117 (holding that the presumption of reliability afforded to a Form I-213 is lost when a petitioner introduces evidence contradicting statements in the form or undermining its reliability). We therefore conclude that transfer to the district court is required.

We need not address additional evidence of nationality in the record because 8 U.S.C. § 1252(b)(5)(B) requires transfer once we determine a genuine issue of material fact exists. *Garcia v. Dep't of Homeland Sec.*, 669 F.3d 91, 98 (2d Cir. 2011) (transferring to the district court for resolution of factual dispute regarding citizenship and stating that the district court must "weigh the probative value of [petitioner's] and the Government's evidence"). We note, however, our agreement with Judge Videla's conclusion that the evidence of Findley's alienage submitted by the respondent was "unreliable and often contradictory." Cert. Admin. R. 303.

For the foregoing reasons, the petition for review is **GRANTED** and the case is **TRANSFERRED** to the United States District Court for the Southern District of New York for further factfinding. All pending motions and applications are **DENIED** and stays **VACATED**.

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court

4