FILED
United States Court of Appeals
Tenth Circuit

July 16, 2021

Christopher M. Wolpert
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

_____

JINHUI ZHANG,

Petitioner,

v.

MERRICK B. GARLAND,
United States Attorney General,[*]

Respondent.

No. 20-9596
(Petition for Review)

_____

**ORDER AND JUDGMENT**[**]

_____

Before **TYMKOVICH**, Chief Judge, **BRISCOE** and **BACHARACH**, Circuit Judges.

_____

Jinhui Zhang ("Petitioner"), proceeding pro se,[1] petitions for review from the

Board of Immigration Appeals' ("BIA's") denial of asylum, withholding of removal,

---

[*] On March 11, 2021, Merrick B. Garland became Attorney General of the United States. Consequently, his name has been substituted for Robert M. Wilkinson as Respondent, per Fed. R. App. P. 43(c)(2).

[**] After examining the briefs and appellate record, this panel has determined unanimously to honor the parties' request for a decision on the briefs without oral argument. _See_ Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[1] Because he proceeds pro se, we liberally construe Petitioner's filings, but "we do not assume the role of advocate." _Yang v. Archuleta_, 525 F.3d 925, 927 n.1 (10th Cir. 2008) (internal quotation marks omitted).

and relief under the Convention Against Torture ("CAT"). Petitioner is not entitled to any of these forms of relief because substantial evidence supports the finding that he did not testify credibly at his individual immigration hearing. Accordingly, exercising jurisdiction under 8 U.S.C. § 1252, we **DENY** the petition for review.

## I.     Background

Petitioner is a native and citizen of China. He came to the United States in October 2015 without a valid entry document and expressed fear of returning to China. An asylum officer interviewed Petitioner and found his fear to be credible. The government thereafter served Petitioner with a notice to appear, charging him as removable as a noncitizen not in possession of a valid entry document at the time of his application for admission. Petitioner admitted the factual allegations in the notice to appear, conceded the charge of removability, and applied for asylum, withholding of removal, and protection under the CAT. In support of these applications, Petitioner asserted he faced religious persecution because he was arrested for attending an underground Christian church in China and that he was beaten, interrogated, and threatened during his detainment by Chinese officials.

An Immigration Judge ("IJ") held an individual hearing at which Petitioner, but not the asylum officer, testified. After the hearing, the IJ found Petitioner's testimony was not credible and the other evidence presented was insufficient to meet his burden of proof. Although the asylum officer did not testify, the IJ considered the officer's notes from the interview with Petitioner. Specific reasons for the IJ's adverse credibility finding included: inconsistencies between the claims Petitioner

made during his interview and those he made in his testimony, inconsistencies between Petitioner's testimony on direct and cross-examination, and Petitioner's statements and conduct evidencing a past willingness to lie to obtain immigration benefits.

For example, in his interview with the asylum officer, Petitioner expressly denied experiencing physical abuse during his detention in China and stated only that he faced "not severe" harm from fellow inmates who kicked him. In his testimony before the IJ, though, Petitioner claimed he was beaten twelve times by the Chinese police while detained, and that during an interrogation officers slapped him, pulled his hair, pounded his head on the table, pushed him to the ground and kicked him. This level of detail was also absent from his written I-589 asylum application. The IJ therefore found that "from his credible fear interview to his testimony in court, there was a dramatic crescendo, and what the Court finds an embellishment, of the level of harm claimed . . . ." R. at 48. Petitioner also testified contrary to his interview on the subjects of whether the house church he attended in China was illegal and the dates of his arrest and detention.

The BIA affirmed the adverse credibility determination on appeal because it was not clearly erroneous. The BIA specifically concluded Petitioner had the opportunity to explain these discrepancies during his testimony but did not do so. The BIA also rejected Petitioner's argument that it was error to consider his past misrepresentations to immigration officials because, even without those

3

misrepresentations, the IJ had sufficiently supported her adverse credibility findings. *See* R. at 3.

Petitioner timely requested review from this court.

## II. Standard of Review

We review the decision of the BIA "as the final agency determination, limiting our review to the issues specifically addressed therein." *Gutierrez-Orozco v. Lynch*, 810 F.3d 1243, 1245 (10th Cir. 2016). But "we may consult the IJ's opinion to the extent that the BIA relied upon or incorporated it, so as to give substance to the BIA's reasoning." *Id.* (internal citations and quotation marks omitted). "We review the BIA's findings of fact under the substantial-evidence standard." *Id.* Under this "highly deferential" standard, "[t]o obtain reversal of factual findings, a petitioner must show the evidence he presented was so compelling that no reasonable factfinder could find as the BIA did." *Id.* (internal quotation marks omitted).

## III. Use of Interview Notes

Petitioner argues the IJ erred in basing her adverse credibility finding, in part, on inconsistencies between his statements at the hearing and the notes from his interview with an asylum officer because the asylum officer was not present at the hearing to testify. But "evidentiary rules are not strictly applied at immigration hearings." *Bauge v. I.N.S.*, 7 F.3d 1540, 1543 (10th Cir. 1993). Instead, "[t]he test for admissibility of evidence in a deportation hearing is whether the evidence is probative and whether its use is fundamentally fair so as not to deprive the alien of due process of law." *Id.* (internal quotation marks omitted).

4

Petitioner does not challenge the probative value of the interview notes. He instead asserts reference to the notes was fundamentally unfair because he could not cross-examine the asylum officer and because the notes were not a complete transcript of the interview. But Petitioner does not explain what information he would have elicited from the asylum officer on cross-examination or what information was left out of the officer's notes. And, in any event, the IJ's adverse credibility finding was supported by more than inconsistencies with the credible fear interview; she also cited inconsistent testimony Petitioner presented at the hearing itself and Petitioner's inability to explain the changes in his story. *See Diallo v. Gonzales*, 447 F.3d 1274, 1283 (10th Cir. 2006) (affirming adverse credibility determination where petitioner "was given the opportunity to explain the inconsistencies but failed to do so to the IJ's satisfaction").

## IV.   Consideration of Past Willingness to Lie to Immigration Officials

Petitioner also argues it was error for the IJ to base her adverse credibility finding, in part, on his admitted past willingness to lie to obtain immigration benefits. But the BIA concluded, and we agree, that "[e]ven without [Petitioner's] misrepresentations to the immigration official, the [IJ] provided sufficient support for her adverse credibility finding." R. at 3. Petitioner therefore falls well short of

showing no reasonable factfinder could have reached the same conclusions as the

BIA, so we deny the petition for review.

Entered for the Court


Mary Beck Briscoe
Circuit Judge