**AEROMAR, C. POR A., Petitioner,**

v.

**DEPARTMENT OF TRANSPORTATION, Federal Aviation Administration, Respondents.**

**No. 85–5001.**

United States Court of Appeals,
Eleventh Circuit.

July 26, 1985.

Rehearing and Rehearing En Banc
Denied Sept. 3, 1985.

Stanley M. Baum, Atlanta, Ga., Robert M. Hausman, Hausman & Rosenthal, Washington, D.C., for petitioner.

William B. Lazarus, Anne S. Almy, Appellate Section, Land and Natural Resources Div., Dept. of Justice, Washington, D.C., for respondents.

**1492**

Before HENDERSON and CLARK, Circuit Judges, and HOFFMAN *, District Judge.

PER CURIAM:

The petitioner, Aeromar, C. Por A., seeks review of the Federal Aviation Administration's (FAA) September 11, 1984 order denying Aeromar's petition for an exemption from noise regulations promulgated by the agency. We dismiss the petition for review for lack of jurisdiction.

Aeromar, a foreign air carrier based in the Dominican Republic, operates a scheduled all-cargo air service between the Dominican Republic and Miami International Airport and Stewart International Airport in Newburg, New York.[1] On March 29, 1984, Aeromar filed a petition with the FAA seeking an exemption from the requirements of 14 C.F.R. § 91.303 (1985), a regulation establishing a January 1, 1985 deadline for compliance with noise level standards imposed on four-engine jet aircraft in commercial operation. The FAA denied the petition in an order dated September 11, 1984. On November 23, 1984, Aeromar filed a "Petition for Reconsideration and for a Temporary Exemption Pursuant to Chapter 124 of Public Law 98–473."[2] Aeromar sought reconsideration of the September 11, 1984 denial of its petition or, in the alternative, a temporary exemption pursuant to section 124 of Pub.L. No. 98–473 for two aircraft during the year beginning January 1, 1985. On January 3, 1985, Aeromar petitioned this court for review of the FAA's September 11, 1984 order. With that petition, Aeromar filed an emergency motion seeking to stay the FAA's enforcement of 14 C.F.R. § 91.303 pending final resolution of this proceeding and a motion for leave to file the petition for review out of time. A panel of this court granted the stay. On January 4, 1985, the FAA granted Aeromar a section 124 exemption permitting it to operate some of its aircraft at Miami International Airport until October 31, 1985, the date by which Aeromar represented that hush kits will be installed on the planes.

The appellate authority to review FAA orders is found in 49 U.S.C. § 1486(a) (1982), which provides that

Any order, affirmative or negative, issued by the Board or Secretary of Transportation under this chapter, except any order in respect of any foreign air carrier subject to the approval of the President as provided in section 1461 of this title, shall be subject to review by the courts of appeals of the United States or the United States Court of Appeals for the District of Columbia upon petition, filed within sixty days after the entry of such order, by any person disclosing a substantial interest in such order. After the expiration of said sixty days a petition may be filed only by leave of court upon a showing of reasonable grounds for failure to file the petition theretofore.

The phrase "[a]ny order, affirmative or negative" has been judicially restricted to encompass only final FAA orders. *Waterman Steamship Corp. v. Civil Aeronautics Board*, 159 F.2d 828, 830 (5th Cir. 1947), *rev'd on other grounds sub nom. Chicago & Southern Air Lines, Inc. v. Waterman Steamship Corp.*, 333 U.S. 103, 68 S.Ct. 431, 92 L.Ed. 568 (1948).[3] *See also*

---

* Honorable Walter E. Hoffman, U.S. District Judge for the Eastern District of Virginia, sitting by designation.

1. At the time Aeromar petitioned for an exemption from the FAA's noise regulations, its New York operations were based at Kennedy International Airport.

2. The Continuing Appropriations, 1985—Comprehensive Crime Control Act of 1984, Pub.L. No. 98–473, § 124, 98 Stat. 1837, 1970–71 (1984) (section 124 of Pub.L. No. 98–473) provided a temporary exemption from the January 1, 1985 deadline for carriers operating at Miami International Airport and Bangor, Maine International Airport if the carrier either had a contract for a hush kit or submitted a sworn commitment to enter into a contract no later than June 1, 1985 for compliant replacement aircraft. A hush kit muffles engine noise through the use of sound absorbing materials.

3. In *Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir.1981) (en banc), this court adopted as precedent all decisions of the former Fifth Circuit Court of Appeals decided prior to October 1, 1981.

*Air California v. United States Department of Transportation,* 654 F.2d 616, 620 (9th Cir.1981). Such orders are not final and reviewable "unless and until they impose an obligation, deny a right or fix some legal relationship as a consummation of the administrative process." *Chicago & Southern Air Lines, Inc. v. Waterman Steamship Corp.,* 333 U.S. 103, 112–13, 68 S.Ct. 431, 437, 92 L.Ed. 568, 577 (1948) (citations omitted). *See also City of Alexandria v. Helms,* 728 F.2d 643, 646 (4th Cir.1984) ("The dispositive question is whether the agency action was the definitive statement on the subject matter it addressed."). After the filing of a petition for reconsideration of a FAA order, there is no "definitive statement on the subject matter" of the order until the petition is denied. *Outland v. Civil Aeronautics Board,* 284 F.2d 224, 227 (D.C.Cir.1960). *See also American Farm Lines v. Black Ball Freight Service,* 397 U.S. 532, 541, 90 S.Ct. 1288, 1293, 25 L.Ed.2d 547, 554 (1970) (quoting *Outland*); *Waterman,* 159 F.2d at 829 (motion for reconsideration operated to retain Civil Aeronautics Board's authority over order; denial of motion was therefore final entry of the order that started running of sixty-day period for judicial review). To hold otherwise would leave the court open to the possibility of unnecessary, piecemeal judicial review. As the court in *Outland* stated:

> [W]hen the party elects to seek a rehearing there is always a possibility that the order complained of will be modified in a way which renders judicial review unnecessary. Practical considerations, therefore, dictate that when a petition for

rehearing is filed, review may properly be deferred until this has been acted upon. The contrary result reached by the Ninth Circuit [in *Consolidated Flower Shipments, Inc. v. Civil Aeronautics Board,* 205 F.2d 449 (9th Cir.1953), *overruled, Samuel B. Franklin & Co. v. Securities and Exchange Commission,* 290 F.2d 719, 725 (9th Cir.1961)] has caused parties to file so called 'protective' petitions for judicial review while petitions for rehearing before the Board were pending. A whole train of unnecessary consequences flowed from this: the Board and other parties may be called upon to respond and oppose the motion for review; when the Board acts, the petition for judicial review must be amended to bring the petition up to date.

284 F.2d at 227–28.

The FAA denied Aeromar's petition for a general exemption from the compliance deadline on September 11, 1984. Aeromar filed a petition for reconsideration of this denial on November 23, 1984.[4] When Aeromar filed its petition for review in this court on January 3, 1985, the FAA had not yet acted on its motion for reconsideration. It was not until January 4, 1985 that the FAA granted Aeromar the alternative relief of a limited section 124 exemption and thereby implicitly denied the petition for reconsideration of the September 11, 1984 order.[5] The January 3, 1985 petition seeking review of the September 11, 1984 order was therefore premature because there was no final, reviewable order until January 4, 1985. Aeromar has filed no petition for review of the January 4, 1985 order.[6]

---

**4.** A petition for reconsideration of the denial of a petition for exemption must be filed within thirty days after the petitioner is notified of the denial. 14 C.F.R. § 11.55(a) (1985). Here, Aeromar's petition for reconsideration was filed well beyond the thirty-day limit. Aeromar states, however, that the FAA orally granted an extension of time for the filing. Petitioner's Brief, at 7 n. 1. The FAA does not dispute this statement. We therefore treat the petition as timely filed.

**5.** Aeromar's November 23, 1984 petition clearly requested reconsideration of the September 11, 1984 order denying Aeromar's request for a

general exemption from the noise regulations. In the alternative, Aeromar asked for the limited exemption provided by section 124 of Pub.L. No. 98–473. By providing the more limited exemption specified by section 124, the FAA implicitly denied Aeromar's petition for reconsideration.

**6.** Aeromar filed two supplements to its motion seeking leave of the court to file its petition for review out of time, one on January 4, 1985, and the other on January 7, 1985. The second supplement suggests that Aeromar was aware of the FAA's January 4, 1985 order at least by January 7, 1985. A reading of both supplements dis-

We have held that a premature notice of appeal is insufficient to sustain the jurisdiction of this court. *See General Television Arts, Inc. v. Southern Railway Co.*, 725 F.2d 1327, 1331 (11th Cir.1984) (final judgment does not retroactively validate premature notice of appeal); *Williams v. Bolger*, 633 F.2d 410 (5th Cir.1980) (notice of appeal from district court order filed during pendency of Fed.R.Civ.P. 59(e) motion to reconsider that order is a nullity under Fed.R. App.P. 4(a)(4)). The same principle applies to our review of agency action. *See Selco Supply Co. v. United States Environmental Protection Agency*, 632 F.2d 863, 865 (10th Cir.1980), *cert. denied*, 450 U.S. 1030, 101 S.Ct. 1740, 68 L.Ed.2d 225 (1981). We therefore lack jurisdiction to review the petition.[7]

PETITION DISMISSED.

closes, however, that neither can be construed as a petition to review the FAA's final order.

**7.** The deadline for compliance with the FAA's noise regulations was January 1, 1985, but the FAA had indicated that it would not insist on compliance until January 4, 1985. It was not until the day of enforcement that Aeromar was absolutely certain whether it would or would not have to comply with the regulations. We can therefore appreciate Aeromar's attempt to protect its avenues of redress by seeking review of the September 11, 1984 order denying a general exemption. When counsel filed the petition for review on January 3, 1985, however, there was no final order on which this court could base jurisdiction because of the pending reconsideration petition. We do not condone the agency's actions. Aeromar, however, should have filed a new petition within sixty days of the January 4, 1985 order.