**Dave FLEARY, Petitioner–Appellant,**

v.

**IMMIGRATION AND NATURAL-
IZATION SERVICE, Respon-
dent–Appellee.**

No. 90–5923.

United States Court of Appeals,
Eleventh Circuit.

Jan. 10, 1992.

Jeffrey M. Herman, Herman & Roof, Miami, Fla., for petitioner-appellant.

Donald A. Couvillon, Norah Ascoli Schwarz and Michele Y.F. Sarko, Office of Immigration Litigation, Civ. Div., Washington, D.C., for respondent-appellee.

Before COX, Circuit Judge, DYER and FRIEDMAN *, Senior Circuit Judges.

DYER, Senior Circuit Judge:

Fleary petitions this court to review an Order of the Board of Immigration Appeals [BIA] which dismissed his appeal from an order of deportation as moot and abandoned when he provided no address at which any decision on the merits could be effectively served. We conclude that we lack jurisdiction to entertain this appeal. The deportation order was not final and appealable because a motion to reopen was still pending before the BIA when Fleary sought review in this court.

Fleary, a native and citizen of Trinidad and Tobago, entered the United States as a lawful permanent resident in 1975. On May 1, 1987, he was convicted and sentenced for the felony charge of possession of cocaine, a controlled substance, in violation of Section 893.12 of the Florida Statutes. An order to show cause was issued by the INS on November 26, 1987, charg-

---

* Honorable Daniel M. Friedman, Senior U.S. Circuit Judge for the Federal Circuit, sitting by designation.

ing Fleary with deportability under Section 241(a)(11) of the INA, 8 U.S.C. § 1251(a)(11). On March 30, 1988, based on the narcotics conviction, the Immigration Judge made a preliminary finding of deportability which was conceded by Fleary. The IJ found Fleary eligible to apply for a waiver of deportation under Section 212(c) of the INA. On July 15, 1988, a hearing was held on the merits of Fleary's application for a waiver, and on November 3, 1988, his application for relief from deportation was denied. On November 16, 1988, Fleary filed a timely notice of appeal to the Board of Immigration Appeals.

On May 15, 1990, the BIA dismissed Fleary's appeal, finding that it was abandoned and moot. On October 29, 1990, Fleary filed a motion to reopen and to stay deportation. On November 7, 1990, Fleary filed with this court a petition for review of the order of the BIA entered on May 15, 1990. On April 24, 1991, the BIA denied Fleary's motion to reopen. No petition for review was taken from this order.

The jurisdictional question before us is whether the BIA's order of May 15, 1990 is final and appealable since, prior to the filing of the petition for review of that order, Fleary filed a motion to reopen which the BIA denied on April 24, 1991, and from which no petition for review was filed.

Both Fleary and the INS argue that the order of May 15, 1990 is final and appealable. Fleary points out that at the time he filed his petition for review it had to be filed no later than six months from the date of the deportation order. 8 U.S.C. § 1105a(a)(1). Had he waited for a ruling from the BIA on his motion to reopen prior to filing his petition for review, the appeal would have been barred by the statute, as eleven months had then passed, and his six-month period would have run. Fleary relies on *Nocon v. INS*, 789 F.2d 1028 (3rd Cir.1986), in which the court held that the timely filing of a motion to reconsider does not suspend the statutory six-month time period, and does not make the original order nonfinal. The court opined that:

> [t]hese orders [final deportation orders and orders denying motions to reopen],

however, are independently reviewable final orders, and there is a time limit applicable to our review of them. For our court to entertain jurisdiction of either of these final orders, a petition for review must be filed within six months *of the specific order* sought to be reviewed in compliance with 8 U.S.C. § 1105a(a)(1). ... Contrary to the position advanced by the Court of Appeals for the Ninth Circuit, we do not agree that a timely filing of a motion to reopen or reconsider suspends the six-month time period for seeking review of the original, final deportation order pending the outcome of that motion.

*Id.* at 1033. (Emphasis in the opinion).

Fleary acknowledges that in *Hyun Joon Chung v. INS*, 720 F.2d 1471 (9th Cir.), *cert. denied*, 467 U.S. 1216, 104 S.Ct. 2659, 81 L.Ed.2d 366 (1984), the Ninth Circuit has taken the opposite approach, reasoning that as long as a motion to reopen is pending with the BIA no final appealable order exists. In this situation, "an otherwise appealable final order becomes no longer appealable in this court until the motion is denied or the proceedings have been effectively terminated." *Id.* at 1474. This is so "[e]ven though the INS may have completed action on the motion to reconsider prior to the oral argument in this court, [since] we lacked jurisdiction when the petition was filed because there was no final deportation order to review." *CHU v. INS*, 875 F.2d 777, 781 (9th Cir.1989). Using this same rationale, the court in *Fayazi-Azad v. INS*, 792 F.2d 873, 874 (9th Cir.1986) stated that "[b]ecause the time for filing a petition for judicial review on the underlying order does not begin to run until the agency acts upon the motion to reopen, it is not necessary for a petitioner to file a protective appeal from the BIA's original decision in order to present the issues raised therein." Of course, Fleary takes issue with the Ninth Circuit's reasoning and asks that we follow the Third Circuit precedent.

The INS contends that the question of whether Fleary's pending motion to reopen deprives this court of jurisdiction has been

resolved by statute. Section 545(b)(3) of the Immigration Act of 1990, Pub.L. 101–649 ("IMMACT") amended Section 106(a)(6) of the INA, 8 U.S.C. § 1105a(a)(6) to provide:

> whenever a petitioner seeks a review of an order under this section, any review sought with respect to a motion to reopen or reconsider shall be consolidated with the review of the order.

The INS contends that a proper construction of this statute means that if Fleary wished to appeal the decision of the Board denying his motion to reopen, he would have had to file a petition for review of the Board's decision dated April 24, 1991, and then moved to consolidate under Section 106(a)(6). His time to appeal the Board's denial of his motion to reopen expired 90 days from the date of the Board's decision on July 24, 1991. *See* Section 545(b)(1) of IMMACT, Amending Section 106(a)(1) of the INA, 8 U.S.C. § 1105a(a)(1) (time period for filing a petition for review of a deportation order is 90 days).

The INS concludes that since Fleary has not filed a petition for review of the order denying his motion to reopen, he has allowed his time to lapse, thereby depriving this court of jurisdiction over any issue other than the propriety of summary dismissal.

The INS' reasoning begs the question. Obviously, if no petition for review of the motion to reopen was filed by Fleary, as in this case, it could not be before us. But that does not answer the question whether the time within which to file a petition for review runs from the underlying order or runs from the time when the motion to reopen is decided.

There is no Eleventh Circuit precedent involving the finality of a BIA order for deportation when a motion for reopening is pending. There is no legislative history of 8 U.S.C. § 1105a(a)(6) that might prove helpful in determining the jurisdictional issue before us. In our view, the statute follows the contours of the Ninth Circuit decisions. It provides for a judicially effi-cient way to dispose of an underlying order of deportation and a consolidated timely motion to reopen at the same time, rather than having to decide two appeals, one of the underlying order, and one of the denial of a motion to reopen. It gives the BIA "the opportunity to correct [its] own alleged errors, and allowing [it] to do so prevents unnecessary burdens being placed on the courts of appeal." *United States v. Ibarra,* — U.S. —, 112 S.Ct. 4, 116 L.Ed.2d 1 (1991). This rationale is also consonant with our holding in *Aeromar, C. Por. A. v. Department of Transportation,* 767 F.2d 1491, 1493–94, (11th Cir.1985), that an agency order is not final until a motion to reconsider has been acted upon.

■ We therefore hold that 8 U.S.C. § 1105a(a)(1) read in *pari materia* with § 1105a(a)(6) requires that if no petition to reopen a deportation order of the BIA is filed, the petitioner must file a petition for review within 90 days of the order of deportation. If a timely motion to reopen or reconsider is filed with the BIA, a petition to review the underlying deportation order must be filed within 90 days of the Board's decision on the motion to reopen or reconsider. These orders will then be consolidated for review pursuant to 8 U.S.C. § 1105a(a)(6).

■ In this case the unripe appeal is not curable by subsequent agency action. *CHU v. INS,* 875 F.2d at 781; *Aeromar,* 767 F.2d at 1493–94; *see also TeleSTAR Inc. v. FCC,* 888 F.2d 132, 133–34 (D.C.Cir. 1989). We lack jurisdiction to review the BIA order of May 15, 1990 because upon the filing of Fleary's petition to reopen on October 29, 1990 there was no final deportation order to review.

APPEAL DISMISSED.