30 F.3d 131
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Alexander ULANOV, Petitioner,
v.
U.S. IMMIGRATION & NATURALIZATION SERVICE, Respondent.
Vyacheslov PETRICHENKO, Petitioner,
v.
U.S. IMMIGRATION & NATURALIZATION SERVICE, Respondent.
Sergey TIMOSHEVSKY, Petitioner,
v.
U.S. IMMIGRATION & NATURALIZATION SERVICE, Respondent.
Alexander ULANOV, Petitioner,
v.
U.S. IMMIGRATION & NATURALIZATION SERVICE, Respondent.
Vyacheslov PETRICHENKO, Petitioner,
v.
U.S. IMMIGRATION & NATURALIZATION SERVICE, Respondent.
Sergey TIMOSHEVSKY, Petitioner,
v.
U.S. IMMIGRATION & NATURALIZATION SERVICE, Respondent.
 Nos. 93-1054, 93-1055, 93-1091, 93-2297, 93-2298, 93-2299.
 United States Court of Appeals, Fourth Circuit.
 Argued May 9, 1994.
Decided July 20, 1994.
 
 No. 93-1054.
No. 93-1055.
No. 93-1091.
No. 93-2297.
 No. 93-2
 On Petitions for Review of Orders of the Immigration and Naturalization Service. (A70-428-237, Aaa-vnn-cam, Amk-iqs-iuf)
 Eric R. Bowman, Immigration Law Center, Arlington, VA, for petitioners.
 Frank S. Holleman, III, Civil Division, United States Department of Justice, Washington, DC, for respondent.
 Frank W. Hunger, Asst. Atty. Gen., Richard M. Evans, Asst. Director, Office of Immigration Litigation, Stewart Deutsch, Civil Division, United States Department of Justice, Washington, DC, for respondent.
 
 
 1
 I.N.S.
 
 
 2
 AFFIRMED.
 
 
 3
 Before ERVIN, Chief Judge, BUTZNER, Senior Circuit Judge, and MICHAEL, United States District Judge for the Western District of Virginia, sitting by designation.
 
 OPINION
 PER CURIAM:
 
 4
 Petitioners seek review of a final order of deportation which followed denial of their consolidated motions to reopen by the Board of Immigration Appeals ("BIA") on September 15, 1993. This Court has jurisdiction to review BIA's final order pursuant to the Immigration and Nationality Act, 8 U.S.C. Sec. 1105a(a). We affirm.
 
 I.
 
 5
 Petitioners, Alexander Ulanov, Vyacheslov Petrichenko, and Sergey Timoshevsky, are native citizens of the former Soviet Union. On June 26, 1992, petitioners arrived in Puerto Rico as nonimmigrant crewmen, where they presented themselves to the first police station that they saw and asked for asylum. At a hearing before an Immigration Judge in August of 1992, after having been transported from Puerto Rico to Maryland, petitioners admitted deportability but requested time to prepare asylum applications. The judge continued the matter to September 11, 1992, at which time petitioners would be required to show cause why they should not be deported as nonimmigrant status violators pursuant to 8 U.S.C. Sec. 1251(a)(1)(C)(i).
 
 
 6
 At the September 11 hearing, petitioners indicated that they had not prepared their asylum applications, on advice of their non-attorney legal representative, Olga Roussanow of the Tolstoy Foundation, Inc. The Immigration Judge issued a deportation order, which Ms. Roussanow appealed to the BIA on the grounds that the petitioners could not adequately prepare asylum applications because they improperly had been denied release from detention. On November 18, 1992, BIA affirmed the Immigration Judge, reasoning that bond matters are collateral to the merits of deportation proceedings.
 
 
 7
 Now with an attorney, petitioners' present counsel moved the BIA to reopen the case on December 18, 1992. The motion was based on the alleged ineffective assistance of Ms. Roussanow; in particular, her advice to petitioners that they should not prepare asylum applications. Those applications were not submitted with the motion. The BIA denied any stay of the Immigration Judge's deportation order, but took under advisement the motion to reopen. While that motion was pending, petitioners appealed the BIA's November 18 order to this Court (No. 93-1054(L)). Soon thereafter, however, BIA denied the motion to reopen, and no appeal was taken from that order, which was issued on February 9, 1993. The BIA reasoned that because no asylum applications had yet been filed, no prejudice could be shown from Ms. Roussanow's ineffectiveness, if any.
 
 
 8
 On August 11, 1993, before this Court could hear the appeal, petitioners filed a second motion to reopen, this time with asylum applications in hand. Petitioners again advanced their ineffective assistance argument, and on September 15, 1993, the BIA rejected it based on a lack of demonstrated prejudice. The BIA held that petitioners' asylum applications failed entirely to take into account changed conditions in the former Soviet Union which would tend to ameliorate their concerns about returning there.
 
 
 9
 Petitioners appealed the denial of their second motion to reopen (No. 93-2297(L)), and we consolidated the appeal with No. 93-1054(L), the appeal from the BIA's November 18, 1992 order. In light of the confusing state of the proceedings below it is helpful to state precisely what is before this Court. We are reviewing: (1) the BIA's November 18, 1992 decision affirming the Immigration Judge's deportation order (No. 93-1054(L)); and (2) the BIA's September 15, 1993 decision rejecting petitioners' second motion to reopen (No. 93-2297(L)).
 
 II.
 
 10
 Although the question is in some doubt among the circuits, we now hold that petitioners' first motion to reopen did not divest this court of jurisdiction to decide the appeal of the BIA's November 18 order, which appeal was filed while the first motion to reopen was pending. The review of BIA orders is governed by 8 U.S.C.Sec. 1105a(a)(6), which states that "whenever a petitioner seeks review of an order under this section [concerning orders of deportation and exclusion], any review sought with respect to a motion to reopen or reconsider such an order shall be consolidated with the review of the order." This statute plainly directs the consolidation of two reviews, rather than one review of two separate orders. See Akrap v. INS, 966 F.2d 267, 271 (7th Cir.1992) (holding that 8 U.S.C. Sec. 1105(a)(6) contemplates consolidation of separate appeals from BIA order and from BIA action on motion to reconsider that order). But cf., Fleary v. INS, 950 F.2d 711, 713 (11th Cir.1992). We so hold in order to announce our reasons for consolidating the appeals in this case rather than holding that the November 18 deportation order was non-final for purposes of appellate review.
 
 
 11
 Although we have found jurisdiction on these grounds, we must reject petitioners' first appeal on other jurisdictional grounds. The issue joined for appeal of the November 18, 1992 order, as it pertained to ineffective assistance, simply was not before the BIA when it issued its November 18 ruling on Ms. Roussanow's appeal from the Immigration Judge. Accordingly, the doctrine of exhaustion of administrative remedies precludes us from considering those arguments. See 8 U.S.C. Sec. 1105a(c); Farrokhi v. INS, 900 F.2d 697, 700 (4th Cir.1990). Of course, this issue, in particular, did come up, with new counsel, upon the first motion to reopen, but no appeal was taken from the disposition of that motion. For these reasons, the first appeal, No. 93-1054(L), must be dismissed.
 
 III.
 
 12
 The second appeal, No. 93-2297(L), seeking review of the BIA's September 15, 1993 denial of petitioners' second motion to reopen, properly frames the issue of prejudice from Ms. Roussanow's allegedly ineffective assistance. An alien in a deportation proceeding does not have a Sixth Amendment right to counsel, but instead has a statutory right to be represented without expense to the government. 8 U.S.C. Sec. 1362.* Nevertheless, the alien's due process rights are infringed if counsel is so ineffective that the proceedings are fundamentally unfair. In order to prevail on the due process claim, however, the alien must show that the denial of procedural fairness prejudiced him. Figueroa v. INS, 886 F.2d 76, 81 (4th Cir.1989).
 
 
 13
 In order to ascertain whether petitioners' claim for asylum was prejudiced, we must bear in mind that the standard for such relief requires petitioners to show a "well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion." 8 U.S.C.Sec. 1158(a); INS v. Cardoza-Fonseca, 480 U.S. 421 (1987). We must also consider, however, that the BIA's determination of whether petitioners have made out a prima facie case for asylum eligibility under this standard, and thus whether the case should be reopened, is reviewed only for an abuse of discretion. M.A. A268251062 v. INS, 899 F.2d 304, 307-08 (4th Cir.1990) (en banc). Indeed, the BIA's decision whether to reopen a case is purely discretionary, and the motion to reopen is a disfavored one. INS v. Abudu, 485 U.S. 94, 104-05, 110 (1988).
 
 
 14
 Before the BIA on their second motion to reopen, petitioners asserted that they feared a return to the former Soviet Union because of their political and religious affiliations. The BIA declined the motion to reopen on the grounds that petitioners had failed to confront what it characterized as sweeping changes in those countries which might allay fears such as those that petitioners expressed. In so doing, the BIA took administrative notice of the improved conditions as set forth in State Department country reports on Russia and Ukraine. Petitioners now claim that the BIA abused its discretion in selecting some portions of those documents and ignoring others which might support petitioners' position.
 
 
 15
 The BIA, in its discretion, may warn of its intention to take administrative notice, actually take such notice, and allow rebuttal evidence against the proposition of which notice is taken. Acewitz v. INS, 984 F.2d 1056, 1060 (9th Cir.1993). There is little doubt that the BIA was selective in its reliance on the country reports, and did deemphasize portions of the reports which would tend to indicate the persistence, in some measure, of the threats that petitioners allegedly face. The issue, however, is whether the BIA was entitled to be selective in this manner in the context of a motion to reopen. We answer that question in the affirmative.
 
 
 16
 By the time the BIA adjudicated the motion to reopen now at issue, it would have already adjudicated one such motion, and may have been aware that its action on the initial appeal of the Immigration Judge's deportation order had been appealed to this court while the first motion to reopen was pending. Importantly, the BIA would have noted that it was not until the present motion before them, the second motion to reopen, that petitioners had bothered to submit asylum applications. This would have been almost a year since petitioners' initial arrest. When these applications finally were tendered, the BIA noted that the applications failed in any meaningful way to address the most relevant issue bearing on the asylum question--the dramatically changed conditions in the former Soviet Union. It was in this context that the BIA concluded that petitioners were continuing in a heretofore successful strategy of delay, characterized by a failure to present all of their arguments and evidence at any one time. In its September 15, 1993 decision, the BIA stated:
 
 
 17
 [G]iven the lack of prejudice shown for their alleged claim of ineffective assistance of counsel and the piece-meal approach that the [petitioners] have taken throughout the course of the entire proceedings, we conclude that they have not shown that their initial representation was ineffective, rather reflective of the merits of their asylum case and a desire to use available methods to delay their proceedings.
 
 
 18
 Certified Administrative Record at 17.
 
 
 19
 In short, we conclude that, in the context of this motion to reopen, the BIA was entitled to take administrative notice of changed country conditions in the former Soviet Union. In practical terms, the BIA took notice merely of the indisputable fact that the changes in that nation are pervasive and would have to be addressed in any assessment of religious, political, and social conditions. Relatively isolated vestiges of different conditions are not relevant to such a limited observation. In the context of a much-delayed proceeding, the BIA was entitled to view petitioners' failure to address such a fundamental issue as yet another dilatory tactic counseling against reopening the case. If petitioners disputed this view, they were free to respond by offering rebuttal or filing yet another motion to reopen. See Gebremichael v. INS, 10 F.3d 28, (1st Cir.1993) (finding that due process is satisfied where motion to reopen is available and petitioner has opportunity to respond); Gutierrez-Rogue v. INS, 954 F.2d 769, 769 (D.C.Cir.1992); Rivera-Cruz v. INS, 948 F.2d 962, 968 (5th Cir.1991); Kaczmarczyk v. INS, 933 F.2d 588, 597 (7th Cir.), cert. denied, 112 S.Ct. 583 (1991). But see Gomez-Vigil, 990 F.2d 1111, 1114 (9th Cir.1993) (finding administrative notice improperly taken where petitioners had no opportunity to respond to facts of which notice was taken). We therefore hold that the BIA did not abuse its discretion when it declined to reopen petitioners' case.
 
 IV.
 
 20
 For these reasons, the judgment of the Board of Immigration Appeals in these consolidated appeals is
 
 
 21
 AFFIRMED.
 
 
 
 *
 Accredited non-attorney representatives may represent aliens before Immigration Judges and the BIA. 8 C.F.R. Sec. 292.2