[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 14-15282
Non-Argument Calendar
_____

D.C. Docket No. 9:14-cv-80586-KLR

DANIEL IMPERATO,

Plaintiff-Appellant,

versus

NAVIGATORS INSURANCE COMPANY,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(February 28, 2017)

Before HULL, WILSON, and MARTIN, Circuit Judges.

PER CURIAM:

Daniel Imperato, proceeding pro se, appeals: (1) the district court's sua sponte dismissal of his complaint, which alleged a breach of contract claim against his former insurer, Navigators Insurance Company ("Navigators"); (2) the denial of his request to proceed in forma pauperis; and (3) the denial of his motion to recuse the magistrate judge and district court judge.  After careful review, we affirm the district court's denial of Imperato's motion to proceed in forma pauperis and his motion for recusal, but reverse the dismissal of Imperato's complaint and remand for further proceedings consistent with this opinion.

I.

In 2012, the Securities and Exchange Commission ("SEC") brought a civil action against Imperato and other defendants, including his company, Imperiali. The SEC alleged that several securities laws had been violated.  The district court granted summary judgment in favor of the SEC, and this Court affirmed that ruling on appeal.  SEC v. Imperiali, Inc., 594 F. App'x 957 (11th Cir. 2014) (per curiam). The district court's summary judgment order adopted the magistrate judge's Report and Recommendation, which found Imperato

> inten[ded] to deceive by knowingly making blatantly false and deceptive material statements . . . which were subsequently disseminated to potential investors via the internet [and that] [t]hese deceptions . . . were all part of Imperato's scheme to lure investors to the company, and establish his liability as a primary violator of the anti-fraud provisions . . . .

2

SEC v. Imperiali, Inc., No. 12-80021-CIV, 2013 WL 12080193, at *14 (S.D. Fla. Sept. 25, 2013).

In May 2014, Imperato filed this action against Navigators seeking indemnification. He alleged his policy with Navigators "cover[ed] the directors and officers pertaining to mismanagement and[/]or [SEC] claims." Imperato claimed Navigators improperly refused and denied his claims, and as a result, caused him "irreparable harm and insurmountable damages" and caused Imperiali to fail.

This action was transferred to the district court judge and magistrate judge who had presided over Imperato's SEC action. Imperato moved to recuse them both under 28 U.S.C. §§ 144 and 455 because of their involvement with the SEC action and "personal bias and prejudice" against him. The district court denied the motion.

Imperato then sought leave to proceed in forma pauperis and asked for volunteer counsel. The motion was denied because Imperato had not filed the required form along with his motion detailing his financial situation. Imperato filed another motion to appoint counsel, as well as a "Motion Correction and Clarification," but both those motions were not filed on the proper forms and also lacked any financial information. The magistrate judge found Imperato's complaint was "clearly baseless," pointing to Navigators's policy that excluded

3

losses resulting from Imperato's "deliberately fraudulent or criminal acts . . . if it is finally adjudicated that such conduct in fact occurred." Because the district court found Imperato was deliberately fraudulent in the SEC action, the magistrate judge concluded "there [was] no set of facts under which [Imperato] could prevail on a breach of contract claim." The magistrate judge recommended Imperato's complaint be dismissed with prejudice under 28 U.S.C. § 1915(e)(2), and the district court adopted that recommendation. This appeal followed.

## II.

We review de novo a district court's sua sponte dismissal for failure to state a claim under § 1915(e)(2)(B)(ii), viewing the allegations in the complaint as true. Hughes v. Lott, 350 F.3d 1157, 1159–60 (11th Cir. 2003). A district court's sua sponte dismissal for frivolity under § 1915(e)(2)(B)(i) is reviewed for an abuse of discretion. Id. at 1160.

We review the denial of a petition to proceed in forma pauperis for an abuse of discretion. Daker v. Comm'r, Ga. Dep't of Corr., 820 F.3d 1278, 1283 (11th Cir. 2016). We also review the denial of a motion to recuse for an abuse of discretion. United States v. Perkins, 787 F.3d 1329, 1342 (11th Cir. 2015).

### A.

Imperato first argues the district court erred in dismissing his complaint with prejudice. The district court relied on § 1915(e) in dismissing Imperato's

complaint. Section 1915 governs in forma pauperis proceedings. See 28 U.S.C. § 1915. However, while Imperato moved for in forma pauperis status, he was not actually proceeding in forma pauperis because he paid his filing fee. This Court has held "[l]ogically, § 1915(e) only applies to cases in which the plaintiff is proceeding IFP." Farese v. Scherer, 342 F.3d 1223, 1228 (11th Cir. 2003) (per curiam). Therefore, the district court could not properly dismiss Imperato's claim based on this statute. We reverse the district court's dismissal of Imperato's complaint and remand for further proceedings consistent with this opinion.[1]

### B.

Imperato next argues the district court erred in denying his motion to proceed in forma pauperis. Federal courts may allow someone who is unable to afford the costs of litigation to go forward with an action without paying fees when that person submits a financial affidavit. See 28 U.S.C. § 1915(a)(1). That affidavit must say "the nature of the action . . . and affiant's belief that the person is entitled to redress." Id. The same statute gives the court discretion to appoint counsel for that person, even though civil litigants do not have a constitutional right to counsel. See id. § 1915(e); Bass v. Perrin, 170 F.3d 1312, 1320 (11th Cir. 1999).

---

[1] Nothing in this opinion should be read to mean the district court's factual analysis was incorrect. Upon remand, the district court is free to reconsider Navigators's motion to dismiss that was denied as moot or consider if sua sponte dismissal under Federal Rule of Civil Procedure 12(b)(6) would be appropriate. See Am. United Life Ins. Co. v. Martinez, 480 F.3d 1043, 1057, 1069 (11th Cir. 2007).

The district court properly denied Imperato's motion to proceed in forma pauperis because he did not file the required affidavit specified in § 1915(a). Therefore, the district court did not abuse its discretion.

C.

Finally, Imperato argues the district court erred in denying his motion to recuse the district court judge and the magistrate judge. A federal judge must recuse if a party to a proceeding "files a timely and sufficient affidavit that the judge . . . has a personal bias or prejudice [] against him." 28 U.S.C. § 144. The affidavit "must allege facts that would convince a reasonable person that bias actually exists." Christo v. Padgett, 223 F.3d 1324, 1333 (11th Cir. 2000). A federal judge must disqualify from "any proceeding in which his impartiality might reasonably be questioned" or if the judge "has a personal bias or prejudice concerning a party." 28 U.S.C. § 455. To require recusal under this statute, the movant must show "an objective, fully informed lay observer would entertain significant doubt about the judge's impartiality." Christo, 223 F.3d at 1333.

Imperato has not met his burden. His motion for recusal did not attach an affidavit and provides no support for his claim of prejudice or bias beyond conclusory allegations. Imperato's only factual assertion in the motion is that the two judges presided over his earlier matters. This Court's "general rule is that bias sufficient to disqualify a judge must stem from extrajudicial sources," unless "a

6

judge's remarks in a judicial context demonstrate such pervasive bias and prejudice that it constitutes bias against a party." In re Walker, 532 F.3d 1304, 1310–11 (11th Cir. 2008) (per curiam) (quotation omitted).  Imperato did not allege any extrajudicial bias in his motion, and has not pointed to any improper remark by either judge showing bias or prejudice.  And "[r]ecusal cannot be based on unsupported, irrational or highly tenuous speculation." United States v. Cerceda, 188 F.3d 1291, 1293 (11th Cir. 1999) (per curiam) (quotation omitted).  Therefore, the district court did not abuse its discretion.

**AFFIRMED IN PART, REVERSED IN PART, AND REMANDED.**