[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 17-12959
Non-Argument Calendar

_____

D.C. Docket No. 9:14-cv-80586-RLR

DANIEL IMPERATO,

Plaintiff-Appellant,

versus

NAVIGATORS INSURANCE COMPANY,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(June 11, 2019)

Before WILSON, MARTIN, and HULL, Circuit Judges.

PER CURIAM:

Daniel Imperato, a pro se plaintiff, appeals the district court's dismissal of

his complaint for failure to state a claim upon which relief can be granted.  He also

appeals the district court's denial of his motion for reconsideration and motion for relief from a final judgment.[1]  After careful review, we affirm.

## I.

In 2012, the Securities and Exchange Commission ("SEC") brought a civil action against Imperato and his company, Imperiali, Inc. ("Imperiali").  SEC v. Imperiali, Inc., 594 F. App'x 957, 959–60 (11th Cir. 2014) (per curiam) (unpublished); see also Imperato v. SEC, 693 F. App'x 870, 872 (11th Cir. 2007) (per curiam) (unpublished).  In that action, a magistrate judge issued a report and recommendation ("R&R"), finding "Imperato violated a number of securities laws by: (1) knowingly making and disseminating blatantly false and deceptive material statements as part of a fraudulent scheme to lure investors to Imperiali with an intent to deceive; (2) selling unregistered shares of Imperiali; (3) engaging in broker conduct—including solicitation of potential Imperiali investors—without registering as a broker with the SEC; and (4) failing to comply with various statutory and SEC reporting and recordkeeping requirements."  Imperato, 693 F. App'x at 872 (quotation marks and citations omitted).  The district court adopted the magistrate judge's R&R, entering summary judgment for the SEC against Imperato and later imposing more than $3 million in civil remedies.  Id.; see also

---

[1] Imperato described his motion as a "motion to reopen."  But in that motion, Imperato asked the district court to "void" the dismissal of his complaint.  We therefore construe it as a Rule 60 motion for relief from a final judgment.  See Fed. R. Civ. P. 60(b).

SEC v. Imperiali, Inc., No. 12-80021-CIV, D.E. 195, at 1–10 (S.D. Fla. Nov. 7, 2013).  Imperato appealed, and this Court affirmed the entry of summary judgment to the SEC.  Imperiali, Inc., 594 F. App'x at 959–60, 963.

In May 2014, Imperato filed this action against Navigators Insurance Company ("Navigators") seeking indemnification.  In 2008, before the SEC brought its civil action, Navigators issued a directors and officers liability insurance policy to Imperiali.  The insurance policy provided "[s]ecurities [c]laim[s]" coverage for "[w]rongful [a]ct[s]" by Imperiali's directors and officers, including any civil or criminal actions brought by the SEC for violations of any securities rules or laws.  But the policy expressly excluded from coverage claims "brought about or contributed to by . . . the deliberately fraudulent or criminal acts of any [i]nsureds," where "it is finally adjudicated that such conduct in fact occurred."  In his lawsuit against Navigators, Imperato alleged Navigators breached the terms of the insurance policy because it refused to indemnify him and defend him by retaining legal counsel for him in the SEC action.

Navigators moved to dismiss Imperato's complaint under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted.  A magistrate judge issued an R&R recommending the district court dismiss Imperato's complaint because Imperato was found to have committed "intentional fraud in his securities transactions" in the SEC civil action.  The

3

district court adopted the R&R and dismissed Imperato's complaint.  Imperato then filed a motion for reconsideration and a motion for relief from a final judgment—both of which the district court denied.  This is Imperato's timely appeal.

## II.

We review <u>de novo</u> a district court's ruling on a Rule 12(b)(6) motion and "construe the factual allegations in the complaint in the light most favorable to the plaintiff."  <u>Allen v. USAA Cas. Ins. Co.</u>, 790 F.3d 1274, 1277–78 (11th Cir. 2015).  "Dismissal is appropriate where it is clear the plaintiff can prove no set of facts in support of the claims in the complaint."  <u>Marshall Cty. Bd. of Educ. v. Marshall Cty. Gas Dist.</u>, 992 F.2d 1171, 1174 (11th Cir. 1993).  We liberally construe pro se pleadings.  <u>Tannenbaum v. United States</u>, 148 F.3d 1262, 1263 (11th Cir. 1998) (per curiam).

"We review the district court's refusal to grant leave to amend for an abuse of discretion" but review <u>de novo</u> the underlying legal conclusion that amendment to a complaint would be futile.  <u>SFM Holdings, Ltd. v. Banc of Am. Sec., LLC</u>, 600 F.3d 1334, 1336 (11th Cir. 2010) (quotation marks omitted).  Further, we review a district court's denial of a motion for reconsideration and motion for relief from a final judgment for an abuse of discretion.  <u>Cano v. Baker</u>, 435 F.3d 1337, 1342 (11th Cir. 2006) (per curiam); <u>Lambert v. Fulton County</u>, 253 F.3d 588, 598 (11th Cir. 2001).  A motion to reconsider may be granted upon "newly-discovered

4

evidence or manifest errors of law or fact." Arthur v. King, 500 F.3d 1335, 1343 (11th Cir. 2007) (quotation marks omitted).

### III.

As set out above, Imperato's insurance policy[2] with Navigators expressly excluded coverage for indemnification and for legal counsel where a director or officer[3] is adjudicated of "deliberately fraudulent or criminal acts." In the SEC civil action, Imperato was found to have "inten[ded] to deceive by knowingly making blatantly false and deceptive material statements . . . to potential investors," SEC v. Imperiali, Inc., No. 12-80021-CIV, 2013 WL 12080193, at *4 (S.D. Fla. Sept. 25, 2013), and it was further found that he certified false forms with the SEC, misrepresenting the value of Imperiali and its subsidiary companies. See Imperiali, Inc., 594 F. App'x at 961–62. Imperato was therefore found to have engaged in intentionally fraudulent conduct regarding the financial solvency of Imperiali.

---

[2] Imperato did not attach the insurance policy to his complaint. Instead, he filed it as a separate, unattached exhibit on the district court's docket. We "ordinarily do[] not consider anything beyond the face of the complaint and documents attached thereto when analyzing a motion to dismiss." Allen, 790 F.3d at 1278. But we may consider documents referenced in a plaintiff's complaint when they are central to the plaintiff's claim and their authenticity is not challenged. See Day v. Taylor, 400 F.3d 1272, 1276 (11th Cir. 2005). Imperato referenced the insurance policy in his complaint, and Navigators does not challenge the copy Imperato submitted in the record.  As a result, we will consider it on appeal.

[3] Navigators does not dispute that Imperato is an "director or officer" as defined by the insurance policy.

Because Imperato was found to have engaged in "deliberately fraudulent" conduct in the SEC action, the plain language of the insurance policy does not cover his legal fees incurred in that action or the judgment entered against him as a result of it.  See Altman Contractors, Inc. v. Crum & Forster Specialty Ins. Co., 832 F.3d 1318, 1322 (11th Cir. 2016) ("Policy terms are given their plain and ordinary meaning . . . [and] [i]f the relevant policy language is unambiguous, it governs." (quotation marks and citations omitted)).  As a result, "no construction of the factual allegations will support [Imperato's] cause of action."  Allen, 790 F.3d at 1278.

Further, the district court did not abuse its discretion by dismissing Imperato's complaint with prejudice.  A district court must generally give a plaintiff one chance to amend the complaint before it dismisses it with prejudice. Bryant v. Dupree, 252 F.3d 1161, 1163 (11th Cir. 2001) (per curiam).  However, a district court need not give a plaintiff the opportunity to amend his complaint where it would be futile.  Id.  The insurance policy expressly does not require Navigators to indemnify Imperato for the SEC civil action.  Amendment of his complaint would therefore be futile.

We also affirm the denial of Imperato's motion for reconsideration and motion for relief from a final judgment.  Imperato offered no newly discovered evidence or argument to refute our construction of the insurance policy.  See Cano,

435 F.3d at 1340–42; In re Kellogg, 197 F.3d 1116, 1119 (11th Cir. 1999).  Neither

did he identify manifest errors of law or fact.  Kellogg, 197 F.3d at 1119.  As a

result, the district court did not abuse its discretion by denying Imperato's motion

for reconsideration and motion for relief from a final judgment.

Finally, Imperato argues that the district court abused its discretion by

denying his motion to recuse the magistrate judge.  This Court previously affirmed

the denial of Imperato's motion to recuse.  See Imperato v. Navigators Ins. Co.,

681 F. App'x 743, 746 (11th Cir. 2017) (per curiam).  We therefore decline to

address the issue on appeal for the second time.  See United States v. Jordan, 429

F.3d 1032, 1035 (11th Cir. 2005) ("The law of the case doctrine bars relitigation of

issues that were decided, either explicitly or by necessary implication, in an earlier

appeal of the same case.").

**AFFIRMED.**